UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUAN D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-05841-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his application for Supplemental Security Income. He contends the ALJ erred by discounting three medical opinions, his testimony, and three lay witness statements. Dkt. 15. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 61 years old, has a high school education, and has no past relevant work. Tr. 32-33. Plaintiff applied for benefits in 2018, alleging disability as of June 1, 2012. Tr. 19. After conducting a hearing in August 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 39-71, 19-34. In pertinent part, the ALJ found Plaintiff's severe impairments of major depressive disorder, insomnia, anxiety with panic attacks, and obsessive-compulsive disorder

1  limited him to frequent interactions with supervisors and occasional interactions with coworkers
2  and the public.  Tr. 21, 24.

## DISCUSSION

4  This Court may set aside the Commissioner's denial of Social Security benefits only if
5  the ALJ's decision is based on legal error or not supported by substantial evidence in the record
6  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

7  **A.     Medical Opinions**

8  Because Plaintiff filed his claim after March 2017, new regulations apply to the ALJ's
9  evaluation of medical opinion evidence.  The ALJ must articulate and explain the persuasiveness
10 of an opinion or prior finding based on "supportability" and "consistency," the two most
11 important factors in the evaluation.  20 C.F.R. § 404.1520c(a), (b).  At the least, this appears to
12 require an ALJ specifically to account for the legitimate factors of supportability and consistency
13 in addressing the persuasiveness of a medical opinion.  The Court must, moreover, continue to
14 consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. §
15 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by
16 substantial evidence, shall be conclusive").
17 Plaintiff contends the ALJ could only reject controverted medical opinions for specific
18 and legitimate reasons based on Ninth Circuit precedent, while the Commissioner contends the
19 new regulations invalidate prior case law.  However, the Court need not address this dispute
20 because neither party contends these differing articulations of the standard of review would
21 change the Court's analysis here.

22    **1.     Karima Bassale, N.D.**

23

Regarding Dr. Bassale, Plaintiff's briefing consists almost entirely of a summary of some of Dr. Bassale's treatment notes and opinions. Dkt. 15 at 5-6. His only argument is a single sentence: "Contrary to the ALJ's analysis, Dr. Bassale's opinion regarding [Plaintiff's] mental functional limitations is consistent with her clinical findings, and it is also consistent with Dr. Wingate's opinion." *Id*.

It is not enough to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. Without more, Plaintiff's conclusory assertion is insufficient to establish harmful error. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief"). The Court need not address this asserted error further. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity in briefing).

**2.     Terilee Wingate, Ph.D., and Luci Carstens, Ph.D.**

   **a)     Marked Limitations**

Dr. Wingate examined Plaintiff in April 2018 and opined he had marked limitations in maintaining punctual attendance, communicating, requesting assistance, maintaining appropriate behavior, and completing a normal work day and work week. Tr. 249. Dr. Carstens reviewed Dr. Wingate's report and opined her ratings were "supported by the clinical evidence" in her report. Tr. 297.

The ALJ found Dr. Wingate's and Dr. Carstens' opinions of marked limitations "unpersuasive" because they were unsupported, inconsistent with Plaintiff's activities, and inconsistent with the record of "generally stable mental health symptoms." Tr. 30.

Dr. Wingate documented abnormalities in attitude and behavior, mood, affect, thought process and content, orientation, fund of knowledge, abstract thought, and insight and judgment. Tr. 250-51.  The ALJ's finding her opinions were unsupported was not based on substantial evidence.

The ALJ cited activities of "performing piano pieces at a very high level" and watching history shows, but failed to explain how these contradicted Dr. Wingate's or Dr. Carstens' opinions.  Tr. 30.  The Commissioner argues Plaintiff taught himself complicated piano pieces, but the record contains no indication this occurred during the relevant period.  In fact, one record the Commissioner cites states Plaintiff "has always played piano."  Tr. 345.  Neither the ALJ nor the Commissioner offers any explanation for how playing long-memorized pieces contradicts the opined limitations.  The ALJ's finding Plaintiff's activities conflicted with Dr. Wingate's and Dr. Carstens' opinions was not supported by substantial evidence.

The overall medical record, like Dr. Wingate's clinical observations, shows a mixture of normal and abnormal findings over time.  Mental health treatment records show all normal findings just over half the time, and almost half the time show abnormal findings such as agitated behavior, anxious mood, poor insight/judgment, and loose/vague thought processes.  *Compare, e.g.*, Tr. 291, 293, 365, 375 *with, e.g.,* Tr. 262, 269, 283, 351, 380.  Neither the ALJ nor the Commissioner explains how this mixture of normal and abnormal findings contradicts Dr. Wingate's and Dr. Carstens' opinions.  Mental health symptoms, in particular, may wax and wane.  *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  The ALJ's finding the opinions were inconsistent with the record was unsupported by substantial evidence.

The Court concludes the ALJ erred by discounting Dr. Wingate's and Dr. Carstens' opinions of marked limitations without a valid reason.

      **b)**     **Moderate Limitations**

Plaintiff contends the ALJ erred by failing to account for Dr. Wingate's and Dr. Carstens' opinions of moderate limitations in activities such as learning new tasks and adapting to changes. There is no requirement for an RFC to duplicate a medical opinion word for word. An ALJ is permitted to translate medical opinions into a concrete RFC formulation as long as "the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's bare assertion the RFC failed to account for moderate limitations is insufficient to establish error. The ALJ's interpretation moderate limitations did not require further restrictions in the RFC was reasonable. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) ("Valentine does not detail what other physical limitations follow from the evidence of his knee and should[er] injuries, besides the limitations already listed in the RFC. We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way.").

The Court concludes the ALJ did not err in analyzing Dr. Wingate's and Dr. Carstens' opined moderate limitations.

     **3.**     **State Agency Doctors Bruce Eather, Ph.D., and Christmas Covell, Ph.D.**

The ALJ found Dr. Eather's and Dr. Covell's opined functional limitations persuasive. Tr. 29. However, the ALJ rejected their step-three findings of moderate limitations in adapting or managing oneself and in concentrating, persisting, or maintaining pace. Tr. 30; *see* Tr. 77, 88. Plaintiff contends this was error, but fails to show it was harmful. Even if the ALJ accepted the moderate limitations, it would not change the ALJ's findings at step three because there would still not be one extreme or two marked limitations. *See* Tr 22-24.

     **4.**     **"Other Medical Evidence"**

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

Plaintiff summarizes some treatment notes and asserts they are "consistent with the opinions of Dr. Wingate and Dr. Bassale, and [Plaintiff's] testimony." Dkt. 15 at 7. This is neither a legal argument nor an argument that establishes harmful error and the Court declines to address it further.

**B.  Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony of disabling mental limitations,[1] such as social isolation and paranoia, because it conflicted with his activities and the medical record.[2] Tr. 28.

**1.  Activities**

The ALJ cited a long list of minimal activities such as personal care, using the internet, watching television, preparing simple meals, gardening, and engaging in his own health care, but failed to explain how any of them contradicted Plaintiff's testimony. For example, gardening at his home does not contradict Plaintiff's testimony he has difficulty going out in public. The ability to interact with health care providers during appointments does not contradict difficulty interacting with supervisors, coworkers, and the public for most of the day, every day.

The ALJ's analysis focused largely on Plaintiff's piano playing. The ALJ found playing "intricate pieces … suggests that the claimant retains the ability to learn complex concepts and patterns, concentrate, and persist." Tr. 28. The evidence suggests, however, Plaintiff had not learned complex pieces within the relevant period but had been playing them for years. Neither the ALJ nor the Commissioner offers any explanation for how playing long-memorized pieces contradicts Plaintiff's testimony. The ALJ found Plaintiff had the ability to "understand,

---

[1] Plaintiff does not challenge the ALJ's discounting of his physical symptom testimony.

[2] The ALJ also noted Plaintiff's impairments "have not resulted in any long-term hospitalizations" and have been "treated with conservative measures such as … mental health counseling." Tr. 28. However, the Commissioner does not defend these as reasons to discount Plaintiff's testimony, and the Court finds them as invalid.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

remember, and follow musical notes and patterns, … and concentrate, focus, pay attention, and persist sufficiently enough to play songs and musical pieces." *Id*. While Plaintiff may be able to persist long enough to play a song, this does not contradict his testimony he could not persist through a full day of work.

The Commissioner argues attendance at a Fourth of July party, which "help[ed] build his confidence," contradicted Plaintiff's testimony of social limitations. Tr. 283. This one-time activity, which the record indicates was unusual for Plaintiff, does not show an ability to interact on a daily basis up to two-thirds of the day with supervisors and one-third of the day with coworkers and the public. *See id.* (Plaintiff's "sister convinced him to socialize" at the party but he still "finds it difficult to go out and meet people").

The ALJ's finding Plaintiff's activities contradicted his testimony was not supported by substantial evidence.

### 2.    Medical Record

An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when the medical evidence merely fails to support the severity of the symptoms. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony"). The ALJ failed to explain how the mixture of abnormal and normal findings in the record contradicted Plaintiff's testimony. "As we have emphasized while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. The ALJ's finding Plaintiff's testimony was contradicted by the record was not supported by substantial evidence.

The Court concludes the ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason.

**C.     Lay Witness Statements**

An ALJ may discount lay witness testimony by giving a germane reason supported by substantial evidence. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Plaintiff argues the ALJ erred by failing to address the observations of SSA interviewer T. Duguay, who reported Plaintiff "had a difficult time understanding the questions. [H]e seems to have limited English." Tr. 190. There is no dispute Plaintiff has limited English; he testified using an interpreter. *See* Tr. 41. Plaintiff has shown no harmful error in the ALJ's failure to address T. Duguay's observation.

The ALJ addressed and rejected two other lay witness statements. SSI facilitator Cindy Harbaugh checked boxes stating she observed Plaintiff had difficulty with understanding, coherency, concentrating, talking, and answering. Tr. 184. She wrote Plaintiff appeared unshaven with shaggy hair in need of washing, and his English was "somewhat limited." *Id*. Plaintiff's sister stated Plaintiff has poor concentration and insufficient energy to sustain a job. Tr. 201.

The ALJ found these statements "unpersuasive" for the same reasons he discounted Plaintiff's testimony, *i.e.*, inconsistency with his activities and generally stable clinical findings. Tr. 32. Because those reasons were not supported by substantial evidence, they were insufficient to reject the lay witness statements.

The Court concludes the ALJ erred by discounting the lay witness statements of Plaintiff's sister and Ms. Harbaugh.

**D.     Scope of Remand**

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative proceedings.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  To remand for an award of benefits, the Ninth Circuit requires the Court to determine, first, whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence; second, "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and, third, whether, if the improperly discredited evidence were credited, the ALJ would be required to find the claimant disabled on remand.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Plaintiff asserts all three conditions are met, but fails to even attempt to address the crucial second step of whether outstanding conflicts remain.  The improperly discredited evidence conflicts with Dr. Eather's and Dr. Covell's opinions.  Plaintiff suggests the non-examining doctors' opinions must be rejected in favor of examining Dr. Wingate, but that is not and has never been true under Ninth Circuit precedent or the Commissioner's regulations.  An ALJ may, but is not required to, give more weight to examining over non-examining medical sources' opinions.  *See Garrison*, 759 F.3d at 1012.  If non-examining doctors' opinions were always rejected in favor of examining doctors' opinion, there would be no need for any analysis but simply a categorization of sources as examining or non-examining.  As the Commissioner's current regulations put it, if an ALJ finds two opinions equally persuasive the ALJ must then consider the sources' treating relationship and extent of examination of the claimant.  20 C.F.R. § 416.920c(b)(3), (c).

Because conflicts in the record remain, the Court cannot remand for an award of benefits. Remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Wingate's and Dr. Carstens' opinions, Plaintiff's testimony, and his sister's and Ms. Harbaugh's statements; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 26th day of April 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10